**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LISA KIMES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UNIVERSITY OF SCRANTON,<br><br>　　　　　Defendant. | CIVIL ACTION NO. 3:14-CV-00091<br><br>(BRANN, J.)<br>(MEHALCHICK, M.J.) |

**MEMORANDUM OPINION**

This action was filed by Plaintiff Lisa Kimes, against her former employer, Defendant University of Scranton, alleging claims under Pennsylvania state law and Title VII of the Civil Rights Act of 1974, the Family and Medical Leave Act, 29 U.S.C. 2615 et seq., and the Pennsylvania Human Relations Act. The parties have requested that the Court resolve a discovery dispute involving Defendant's intent to issue a subpoena to Plaintiff's current employer. (Doc. 28).

**I.　BACKGROUND AND PROCEDURAL HISTORY**

The action was initiated by the filing of a complaint by Plaintiff Lisa Kimes on January 21, 2014. (Doc. 1). Plaintiff alleges that she was employed by the University of Scranton as a police officer for approximately five-and-a-half years. (Doc. 24). In December, 2011, she exercised her FMLA rights by taking leave for a period of three years to care for her son suffering from a serious medical condition. (Doc. 24). She alleges that throughout the duration of her leave, she was retaliated against and subject to severe animosity. (Doc. 24). She also claims she was given less favorable assignments and shifts than similarly situated male officers. (Doc. 24). Plaintiff contends that she was subsequently terminated for completely pretextual

reasons. (Doc. 24). Defendant denies these allegations and submits that Plaintiff was terminated due to her substandard work performance. (Doc. 27).

The parties are currently engaged in discovery and have scheduled depositions for the week of March 9, 2015. Defendant has served Plaintiff with a Notice of Intent to Subpoena her current employer, Marywood University. Plaintiff objects to the issuance of this subpoena on the basis that the subpoena is overbroad and seeks irrelevant information intended to interfere with her current employment relationship. (Doc. 28). Specifically, Plaintiff argues that, to the extent Defendant is seeking information pertaining to mitigation and damages, Plaintiff has already submitted pay stubs, tax returns, an "offer letter," and other documents evidencing her employment and earnings. (Doc. 28).

## I. DISCUSSION

### A. STANDARD OF REVIEW

The general scope of discovery is outlined by Federal Rule of Civil Procedure 26(b)(1):

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The court may order discovery of any matter "that bears on, or that reasonably could lead to the other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). However, Rule 26(b)(2)(C) requires the court to limit the extent of discovery that would otherwise be permitted by the rules of civil procedure or by local rule if it determines that:

    i.      the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

    ii.     the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

    iii.    the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

Further, "the Court has a responsibility to protect privacy and confidentiality interests" and "has authority to fashion a set of limitations that allow as much relevant material to be discovered as possible . . . while preventing unnecessary intrusions into legitimate interests that may be harmed by the discovery of material sought." *E.E.O.C. v. Princeton Healthcare Sys.*, No. CIV.A. 10-4126 PGS, 2012 WL 1623870, at *18 (D.N.J. May 9, 2012)(quoting *Schmulovich v. 1161 Rt. 9 LLC,* 2007 U.S. Dist. LEXIS 59705, at *3–*4, 2007 WL 2362598 (D.N.J.2007)(citation omitted).

The Rule 26 relevance standard depends upon the context of each particular action, and the determination of relevance is within the discretion of the District Court. *See Barnes Found. v. Twp. of Lower Merion,* No. 96–372, 1996 WL 653114, at *1 (E.D.Pa. Nov. 1, 1996). "[C]ourts have construed this rule liberally, creating a broad vista for discovery." *E.E.O.C. v. Princeton Healthcare Sys.,* 2012 WL 1623870, at *4 (quoting *Takacs v. Union County,* 2009 WL 3048471, at *4-*5 (D.N.J.2009)); *Tele–Radio Sys. Ltd. v. DeForest Elecs., Inc.,* 92 F.R.D. 371, 375 (D.N.J.1981); *see also Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351(1978); *Evans v. Employee Benefit Plan,* 2006 WL 1644818, at *4 (D.N.J.2006); *Jones v. Derosa,* 238 F.R.D. 157, 163 (D.N.J.2006); *Caver v. City of Trenton,* 192 F.R.D. 154, 159 (D.N.J.2000); *Lesal Interiors, Inc.*

3

*v. Resolution Trust Corp.,* 153 F.R.D. 552, 560 (D.N.J.1994). "Review of all relevant evidence provides each party with a fair opportunity to present an effective case at trial." *Jones,* 238 F.R.D. at 163; *see also Caver,* 192 F.R.D. at 159; *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.,* 135 F.R.D. 101, 104 (D.N.J.1990). "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation . . . [and] either party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor,* 329 U.S. 495, 507 (1947).

    B.  S<small>UBPOENA TO</small> P<small>LAINTIFF'S</small> C<small>URRENT</small> E<small>MPLOYER</small>

The current discovery dispute concerns Defendant's intent to issue a subpoena to Plaintiff's current employer. At the telephone conference held on February 24, 2015, at the request of Plaintiff, Plaintiff contested the issuance of the subpoena on the grounds that the subpoena is overly broad in that it seeks "any and all documentation" relating to Plaintiff's employment with Marywood University. (*See* Doc. 28; Doc. 31). Moreover, Plaintiff notes that to the extent that Defendant seeks information pertaining to mitigation and damages, she has already provided Defendant with pay stubs, tax returns, and an "offer letter" of sorts, that welcomed Plaintiff to the University and inquired into whether Plaintiff would be interested in making a contribution to the University. As such, Plaintiff contends that any additional documentation would be irrelevant and would only interfere with Plaintiff's employment relationship with her current employer.

Defendant recognizes the negative implications that could result from issuing a subpoena to Plaintiff's current employer, but argues that it initially requested Plaintiff to produce her resume, an official offer letter detailing the employment package offered to her, and her disciplinary record, if one exists. Defendants alleges that it is entitled to these documents,

as it directly relates to whether Plaintiff mitigated her damages; specifically, whether Plaintiff rejected certain employment benefits available to her as part of her employment package, or whether Plaintiff's general job performance caused her to be passed up for promotion with additional benefits.

Individuals have "a legitimate privacy interest in information regarding [their] subsequent employment." *E.E.O.C. v. Princeton Healthcare Sys.,* 2012 WL 1623870, at *11 (citations omitted). "[C]ourts . . . have recognized that because of the direct negative effect that disclosures of disputes with past employers can have on present employment, subpoenas in this context, if warranted at all, should be used only as a last resort*." Warnke v. CVS Corp.,* 265 F.R.D. 64, 69 (E.D.N.Y. 2010) (quoting *Conrod v. Bank of N.Y.,* No. 97 Civ. 6347, 1998 WL 430546 (S.D.N.Y. July 30, 1998)). "If filing what . . . [appears to be] a fairly routine case alleging individual employment discrimination opens up the prospect of discovery directed at all previous, current, and prospective employers, there is a serious risk that such discovery can become an instrument of delay or oppression." *Perry v. Best Lock Corp.,* No. IP 98–C–0936–H/G, 1999 WL 33494858, at *2 (S.D. Ind. Jan. 21, 1999). "The concern that employers might as a routine matter undertake extensive discovery into an employee's background or performance on the job to resist claims ... is not an insubstantial one."*E.E. O.C. v. Princeton Healthcare Sys.,* 2012 WL 1623870 at *22 (noting that "the authority of the courts to award attorney's fees . . . and . . . to invoke the provisions of Rule 11 of the Federal Rules of Civil Procedure will deter most abuses" and "[t]he district court's power under Rule 26(b)(2) provides another mechanism for avoiding such abuses") (quoting *McKennon v. Nashville Banner Publ. Co.,* 513 U.S. 352, 363 (1995)).

Further, a plaintiff may have "a legitimate concern that a subpoena sent to her current employer under the guise of a discovery request could be a tool for harassment and result in difficulties in her new job. *Graham v. Casey's Gen. Stores, Inc.,* 206 F.R.D. 251, 256 (S.D. Ind. 2002). Similarly, "the potential burdens of . . . [this type of discovery] are also substantial in terms of broadcasting to a large group of businesses that [the defendant] view [plaintiff] as an untrustworthy troublemaker." *Perry,*1999 WL 33494858, at *3.

However, the Defendant is entitled to discovery bearing on mitigation. Offer letters, resumes, and disciplinary records are potentially relevant to issues of damages and Plaintiff's efforts to reasonably mitigate her damages. See *Zeller v. S. Cent. Emergency Med. Servs., Inc.*, No. 1:13-CV-2584, 2014 WL 2094340, at *5 (M.D. Pa. May 20, 2014)(citing *Noble v. Ruby Tuesdays Restaurants, Inc.,* 2007 WL 3125131, at *2 (S.D. Ohio Oct.23, 2007) (finding that in Title VII employment action, "[e]mployment records are relevant to the issues of mitigation and damages"); *E.E.O. C. v. Woodmen of World Life Ins. Soc.,* No. 8:03CV165, 2007 WL 649298, at *5 (D. Neb. Feb.1, 2007) (noting that while "plaintiffs have provided certain financial information, the employment records sought [from plaintiff's employers for whom plaintiff worked subsequent to her employment with defendant] . . . may contain information relevant to [plaintiff's] mitigation of damages . . . [and]general job performance records reasonably bear on the defendant's stated reason for [plaintiff's] demotion"); *Walker v. Northwest Airlines Corp.*, No. Civ.00–2604 MJD/JGL, 2002 WL 32539635, at *2 (D. Minn. Oct. 28, 2002) ("[B]oth past and post-termination wage and employment records are highly relevant to the issue of mitigation and to the computation of damages in this case [and] other types of employment information such as disciplinary records, resumes, and applications . . . are reasonably calculated to lead to

admissible evidence.")) ; *Cornell v. Jim Hawk Truck Trailer, Inc.*, 298 F.R.D. 403, 407 (N.D. Iowa 2014) ("There is no dispute that [a plaintiff's] earnings after being discharged are relevant to the issue of damages in this case.").

However, the Court is cognizant of the potential burden this discovery could have on Plaintiff's relationship with her current employer, especially given that such documents are "discoverable through a lesser intrusive means than serving a subpoena on [Plaintiff's] current employer." *Graham* 206 F.R.D. at 255. Indeed, these documents may be obtained directly from Plaintiff. As such, Plaintiff shall be given fourteen (14) days to provide the information sought by Defendant; namely, a copy of her résumé, any disciplinary record filed with her current employer, and the offer letter she received detailing the her employment package.[1] In the alternative, Plaintiff is to inform Defendant that she is not in possession of such documentation.

In the event Plaintiff is unable to, or refuses to provide the information sought within the proposed timeframe, Defendant shall revise the proposed subpoena language to be narrowly tailored to request only the aforementioned documents. If Plaintiff has further objections to the revised subpoena, her counsel should contact this Court to arrange a teleconference with both parties via phone to revisit this issue.

---

[1] As noted above, Plaintiff has already provided Defendant with her pay stubs and tax returns.

## II. CONCLUSION

Based on the foregoing, Plaintiff is directed to provide Defendant with copies of her resume, disciplinary record at her current employer, and formal offer letter within fourteen (14) days of the date of the Order accompanying this Memorandum.

An appropriate Order shall follow.

BY THE COURT:

Dated: February 24, 2015

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**