# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA KIMES, | : | No. 3:14-cv-00091 |
| Plaintiff, | : | (Judge Brann) |
| v. | : | |
| UNIVERSITY OF SCRANTON, | : | |
| Defendant. | : | |

## MEMORANDUM

### April 1, 2016

## I.   BACKGROUND

This is an employment discrimination case brought by Lisa Kimes against her former employer, the University of Scranton. Plaintiff alleges that she was discriminated against based upon her sex during her employment with Defendant as a public safety officer. This Memorandum disposes of the parties' motions <u>in limine</u>. A brief overview of this case's posture follows.

On December 16, 2013, Plaintiff filed suit against the University in Lackawanna County Court of Common Pleas. On January 21, 2014, the University removed the action to this Court. On January 26, 2015, Plaintiff filed a Second Amended Complaint, alleging the following claims: interference and retaliation in violation of the Family and Medical Leave Act of 1993 ("FMLA"); gender discrimination and a hostile work environment in violation of Title VII of the Civil

Rights Act of 1964 and the Pennsylvania Human Relations Act ("PHRA"); and violation of the Pennsylvania Whistleblower Law.

On May 22, 2015, the University filed a Motion for Summary Judgment. On August 25, 2015, the Court granted in part and denied in part Defendant's Motion for Summary Judgment. Specifically, the Court held that "there was no report of wrongdoing as defined under the Whistleblower Law" and that "the conduct of Ms. Kimes' supervisors was not sufficiently severe or hostile to trigger a claim of a hostile work environment."[1] Nevertheless, the Court found that "there remain genuine issues of material fact regarding [Plaintiff's] claims of gender discrimination under Title VII and the PHRA" as well as "[Plaintiff's] FMLA interference and retaliation claims."[2]

This matter is scheduled to proceed to trial on April 18, 2016. The parties have filed the following Motions in Limine. The below rulings shall apply to the contested evidence as outlined throughout.

## II.   LAW

"A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending

---

[1] ECF No. 56 at 51.
[2] Id.

matter cannot overcome its prejudicial influence on the jurors' minds."[3] "The standard of review for the admission or exclusion of evidence is generally abuse of discretion. If a party fails to preserve an evidentiary ruling, this Court reviews for plain error."[4]

"In a trial by jury in a federal court, the judge is not a mere moderator, but is the governor of the trial for the purpose of assuring its proper conduct and of determining questions of law."[5] Accordingly, "[a]n abuse of discretion occurs only where the district court's decision is 'arbitrary, fanciful, or clearly unreasonable'—in short, where 'no reasonable person would adopt the district court's view.'"[6] The United States Court of Appeals for the Third Circuit "will not remand or reverse if the admission or exclusion of evidence constituted harmless error."[7] "An error is harmless only if it is highly probable that the error[ ] did not affect the outcome of the case."[8]

## III. ANALYSIS

    **A.** **Defendant's Motion <u>in Limine</u> to Bar Evidence Regarding Previously Dismissed Claims, ECF No. 70, and Plaintiff's Motion <u>in Limine</u> to Preclude Defendant from Introducing Evidence or Testimony Regarding Plaintiff's Dismissed Claims, ECF No. 76, are both GRANTED.**

---

[3] O'Rear v. Fruehauf Corp., 554 F.2d 1304, 1306 (5th Cir. 1977).
[4] Tourtellotte v. Eli Lilly & Co., No. 15-1090, 2016 WL 146455, at *16 (3d Cir. Jan. 13, 2016).
[5] Quercia v. United States, 289 U.S. 466, 469 (1933) (Hughes, C.J.).
[6] Green, 617 F.3d at 239 (quoting United States v. Starnes, 583 F.3d 196, 214 (3d Cir.2009)).
[7] Id.
[8] Id. (internal quotations omitted).

"[T]he Federal Rules of Evidence provide a district court with 'broad discretion to exclude collateral matters that are likely to confuse the issues.'"[9] Out of concern for a lay jury's inability to compartmentalize dismissed and surviving claims, both parties seek that discussion of the previously dismissed or adjudged claims be precluded at trial. Such preclusion is warranted for several reasons, primarily because the dismissed claims are irrelevant to the jury's disposition of the surviving claims under Federal Rule of Evidence 402 and also because discussion of the dismissed claims is apt to confuse the jury under Federal Rule of Evidence 403.

Defendant further contends that apart from mere discussion of the dismissed claims, all evidence relating to those dismissed claims ought to be excluded. In response, Plaintiff suggests that certain of the evidence probative to the dismissed claims may also bear upon a surviving claim. Even if that were true, Defendant's responsive position is that such evidence should nevertheless be excluded as a consequence of the risk that such evidence will unfairly prejudice the jury. The Court is inclined to agree with Defendant as far as this argument goes.

"Any reference, inference, or suggestion to these dismissed claims would be prejudicial to [the University], potentially confuse the jury, and would lead to

---

[9] Kant v. Seton Hall Univ., 279 F. App'x 152, 157 (3d Cir. 2008) (quoting United States v. Casoni, 950 F.2d 893, 919 (3d Cir.1991)).

limiting instructions and the waste of judicial resources."[10] The Court believes that adequate evidence exists from which Plaintiff may attempt to prove her surviving claims without relying upon evidence that would have been relevant only to her dismissed claims. Quite evidently, the very unflattering nature of certain of the narrow comments relevant to the dismissed claims would impact the jury in a prejudicial, confusing, and misleading manner. The danger of the jurors relying on such evidence to make prohibited inferences is therefore understandably high in a case like this, and such a danger substantially outweighs any tangential probative value. This resolution also avoids the need for "a trial within a trial" on what are largely collateral matters to the ultimate verdict.[11]

>    **B.    Defendant's Motion <u>in Limine</u> to Bar Evidence Regarding Agency Proceedings, ECF No. 72, and Plaintiff's Motion <u>in Limine</u> to Preclude Defendant from Introducing Evidence or Testimony Regarding Agency and Unemployment Determinations, ECF No. 78, are both GRANTED.**

Judges in this District have found that admitting evidence regarding agency proceedings often functions as nothing more than "a sideshow that distracts the jury and lengthens the trial."[12] As Defendant rightly points out, "Plaintiff has access to all of the information she presented to the EEOC and PHRC, and will have a full opportunity to present this information to the jury at trial in this matter;

---

[10] Jackson v. Allen, No. 1:09-CV-117, 2011 WL 1565859, at *3 (N.D. Ind. Apr. 25, 2011).
[11] See id. (quoting Soller v. Moore, 84 F.3d 964, 968 (7th Cir. 1996)).
[12] Sarin v. Poojan, Inc., 3:08-CV-1077, 2010 WL 5463250, at *6 (M.D. Pa. Dec. 29, 2010); Paluch v. Dawson, CIV. 1:CV-06-01751, 2009 WL 3350393, at *2 (M.D. Pa. Oct. 15, 2009).

thus, the EEOC and PHRC determinations and investigative files are cumulative and have no discernible relevance."[13] In response to Plaintiff's Motion in Limine on this precise topic, Defendant concurred that "all parties should be precluded from referencing any of Plaintiff's past agency findings and/or determinations."[14] Accordingly, the Court agrees that the introduction of agency proceeding evidence would be unnecessarily cumulative and would constitute a poor use of judicial resources at trial.

### C. Defendant's Motion in Limine to Preclude Evidence of Insurance, ECF No. 74, is GRANTED.

Federal Rule of Evidence 411 ("Liability Insurance") provides as follows: "Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control." Moreover, courts in this Circuit routinely exclude evidence of liability insurance on motions in limine.[15] As

---

[13] ECF No. 73 at 3.
[14] ECF No. 87 at 3.
[15] See Karlo v. Pittsburgh Glass Works, LLC., No. CIV.A. 2:10-1283, 2016 WL 69651, at *2 (W.D. Pa. January 6, 2016) (granting defendant's motion in limine to exclude evidence of defendant's liability insurance because it "had no logical relationship to the question of liability."); see also Gadley v. Ellis, No. CIV.A. 3:13-17, 2015 WL 4412768, at *4 (W.D. Pa. July 17, 2015) (granting defendant's motion in limine to exclude evidence of defendant's liability insurance because the prejudice in allowing plaintiff to introduce such evidence was significant and outweighed any probative value; Robinson v. Hartzell Propeller Inc., No. CIV.A. 01-5240, 2008 WL 4679248, at *3 (E.D. Pa. Aug. 11, 2008) (granting defendant's motion in limine to preclude any reference to insurance).

such, the Court will preclude evidence of insurance coverage consistent with Federal Rule of Evidence 411 and with prevailing case law in this Circuit.

>   **D. Plaintiff's Motion <u>in Limine</u> to Preclude Defendant from Referencing Plaintiff's Application For and/or Receipt of Unemployment Compensation Benefits, ECF No. 80, is GRANTED.**

Plaintiff argues that evidence of Plaintiff's application for and/or receipt of unemployment compensation benefits should be barred from the jury's hearing as a matter of law. Defendant concedes that such evidence is in fact barred by the collateral source rule.[16] Therefore, all parties are precluded from referencing any evidence regarding Plaintiff's application for and/or receipt of unemployment compensation benefits.

>   **E. Plaintiff's Motion <u>in Limine</u> to Preclude Defendant from Introducing Evidence or Testimony Regarding Any Domestic Violence/Abuse Which Plaintiff Has Allegedly Suffered, ECF No. 82, is DENIED.**

Plaintiff seeks to exclude evidence of domestic violence that she has allegedly suffered. Plaintiff's brief indicates that this Motion refers to a 2010 incident at which time Plaintiff's husband Daniel Kimes, a Pennsylvania State Police Officer, held a gun to her head. Defendant contends that the evidence is potentially broader and occurred during the employment period, specifically during the time that Plaintiff alleges to have suffered emotional damages, such as pain

---

[16] See <u>Craig v. Y & Y Snacks, Inc.</u>, 721 F.2d 77, 83 (3d Cir. 1983).

suffering. Defendant further contends that the incident had a detrimental impact on Plaintiff to such an extent that it pervaded her ability to work, caused her to miss several days of work, and resulted in her sharing details of the incident with her co-workers. Moreover, Defendant argues that the validity of such an inquiry at trial is supported by the very fact that Plaintiff was compelled to file for a protection from abuse (PFA) order as a consequence of her husband's actions.

Defendant is correct that this evidence would seem to suggest an alternate cause of Plaintiff's alleged damages. I therefore will deny this Motion in Limine, as the evidence that it seeks to preclude is highly probative of a material fact reserved for the jury's determination. As one federal court in the Eastern District of Pennsylvania has explained:

> [I]n striking the appropriate balance between Plaintiff's privacy interest and the right of the Defendants to defend themselves in this action, this Court cannot allow Plaintiff to assert a claim for emotional distress damages and simultaneously disallow Defendants to discover information into the possible causes of that stress. Therefore, Defendants may take discovery from Plaintiff on these sensitive issues. The Court, however, will not allow Defendants to engage in a baseless fishing expedition against Plaintiff. Doe v. City of Chula Vista, 196 F.R.D. 562, 570 (S.D.Cal.1999) ("scope of discovery into this sensitive area should be limited and confined to that information that is essential to a fair trial.") As such, the entirety of Plaintiff's medical history should not be subject to disclosure, and the scope of Defendants inquiry must be appropriately limited to whether and to

what extent the alleged drug use and concurrent investigations caused Plaintiff to suffer emotional harm.[17]

In a similar posture, the United States Court of Appeals for the Tenth Circuit affirmed a district court's decision to introduce evidence of a female plaintiff's having been domestically abused, because such evidence "was offered not to show [the abuser's] character, but for the proper purpose of rebutting [the plaintiff's] claim for damages."[18] "When a party opens the door to a topic, the admission of rebuttal evidence on that topic becomes permissible," the Tenth Circuit observed. In addition, the court confirmed that the domestic abuse evidence was relevant to "the nature and quality of her relationship" with the alleged abuser, because those considerations were probative of her emotional damages claims.[19]

Moreover, even beyond the relevance that such a heated pattern of behavior might have upon Plaintiff's recourse for emotional damages, the Court also recognizes that the contested evidence is probative to Defendant's liability. Such a

---

[17] McKinney v. Delaware Cty. Mem'l Hosp., No. CIV A 08-1054, 2009 WL 750181, at *6 (E.D. Pa. Mar. 20, 2009).

[18] Lounds v. Torres, 217 F. App'x 755, 758 (10th Cir. 2007).

[19] See id. See also Montoya v. Sheldon, 898 F. Supp. 2d 1259, 1274 (D.N.M. 2012) ("[T]he potential for unfair prejudice from allowing in evidence of prior arrests to rebut emotional distress damages does not substantially outweigh the probative value of the evidence, because the plaintiff, on direct or re-direct, has the opportunity to explain the details of how the incident in the case was more emotionally distressing than the other arrests."); Maples v. Vollmer, No. CIV 12-0294 JB/RHS, 2013 WL 1677104, at *1 (D.N.M. Mar. 31, 2013) ("If, however, Maples opens the door for admission of further relevant information about his criminal history by adhering to his decision to pursue emotional-distress damages at trial, the Court will allow the Defendants to bring out the circumstances in two probative prior incidents so that the Defendants can use those incidents to provide context in rebutting Maples' alleged emotional-distress damages.").

hostile home environment that involves one spouse holding a gun to the other's head and the consequential petitioning for a formal PFA order is sufficiently probative as to the precise reason for the eventual termination of Plaintiff's employment. To the extent that the parties intend to battle as to whether a "legitimate nondiscriminatory reason" motivated the Defendant's decision to fire the Plaintiff—and they certainly will—the Court considers it entirely appropriate for the Defendant to explore whether such incidents tainted Plaintiff's performance at work, caused her to miss workdays, or otherwise resulted in less than adequate on-the-job performance.

When it comes to the level of potential prejudice under a Rule 403 analysis here, I believe that the threat of such prejudice is relatively low. "A district court has broad discretion to determine the admissibility of relevant evidence in response to an objection under Rule 403."[20] "Like any balancing test, the Rule 403 standard is inexact, requiring sensitivity on the part of the trial court to the subtleties of the particular situation, and considerable deference on the part of the reviewing court to the hands-on judgment of the trial judge."[21]

Introduction of evidence suggesting that the Plaintiff suffered from episodes of domestic violence, in the Court's view, likely does little to diminish her credibility or otherwise cast her in a negative light in the jury's mind. In fact, some

---

[20] United States v. Balter, 91 F.3d 427, 442 (3d Cir.1996).
[21] United States v. Guerrero, 803 F.2d 783, 785 (3d Cir.1986).

observers might argue it does exactly the opposite. Nevertheless, as the Court emphasized during its pretrial conference with the parties, should cross-examination of Plaintiff devolve into a fishing expedition at trial, the Court will exclude this line of questioning at that time. I remain of the view, however, that the probative value of the domestic abuse evidence is not substantially outweighed by the risk of unfair prejudice under Rule 403.

## IV.   CONCLUSION

This matter is scheduled to proceed to trial on April 18, 2016. The above rulings shall apply to the contested evidence as outlined throughout.

An appropriate Order follows.

BY THE COURT:

/s Matthew W. Brann  
Matthew W. Brann  
United States District Judge
